UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TYLER FERRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-cv-00415-JMS-MJD ) |
| CAPT. MASON, SGT. STINER, SGT. McKINNEY, SGT. JEFFRIES, SGT. CUSTIS, | ) ) ) ) |
| Defendants.[1] | ) |

**Entry Granting Defendants' Unopposed Motion for Summary Judgment**

I. Introduction

Plaintiff Tyler Ferrell, an Indiana prison inmate incarcerated in the Pendleton Correctional Facility, brought this 42 U.S.C. § 1983 action on October 26, 2016, contending defendants used excessive force on him and failed to protect him from excessive force on November 18 and 19, 2015. All five defendants now seek summary judgment contending that this action is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because plaintiff failed to exhaust available administrative remedies prior to commencing his suit.

II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The movant bears the initial responsibility of informing the district court of the basis of

---

[1] The spelling of defendants' names have been corrected in the caption to reflect the spellings contained in their waivers of service of summons and as requested in their motion for summary judgment. The **clerk is directed** to correct the docket to reflect the spelling of defendants' names as shown in the caption on this Entry.

its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

Plaintiff has not responded to defendants' motion and the deadline for doing so has passed. The consequence is that plaintiff has conceded defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e]

2

the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

III. Exhaustion Requirement

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

"[A] court may not excuse a failure to exhaust, even to take such [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citing *Miller v. French,* 530 U.S. 327, 337 (2000)). This is true even if the plaintiff seeks a remedy that is not available through the administrative process. *Id.* (citing *Booth v. Churner,* 532 U.S. 731 (2001)).

3

## IV. Defendants' Evidence

Defendants' evidence in support of their motion for summary judgment reflects that plaintiff failed to properly follow and exhaust his administrative remedies.

The relevant grievance procedures are contained in the Indiana Department of Correction Policy and Administrative Procedures, number 00-02-301, effective January 1, 2010. Section XIII.A requires the grievance process to start with an informal grievance accomplished by the offender discussing the situation with the persons responsible for it, or with a counselor, caseworker, manager, or other team unit member. Dkt. 26-5, p. 14 (IDOC Offender Grievance Process). Section XIII.C requires the informal grievance to be attempted no later than five days after the incident. *Id.* at p. 15. Section XIII.E addresses the appeal procedures, which is a required step in exhausting administrative remedies.

The grievance specialist with the Pendleton Correctional Facility submitted her affidavit averring that plaintiff first failed to commence an informal grievance. Dkt. 26-3 (affidavit of Camay Francum). The formal grievance he filed, the first and only grievance he attempted, was filed well after the deadline to commence the grievance process. *Id.* The grievance was rejected on two grounds – that it was untimely and an informal grievance had not first been attempted. *Id.* Finally, the grievance specialist noted that plaintiff failed to appeal the denial of his formal grievance. *Id.*

Plaintiff, by failing to file a response to the motion for summary judgment, offers nothing to rebut the factual aversions of defendants. Thus the undisputed evidence is that plaintiff did not exhaust his administrative remedies as required by the Department of Correction Offender Grievance Process.

V. Discussion

The undisputed facts are that plaintiff failed to exhaust his administrative remedies prior to filing this civil action. Thus defendants have met their burden of proving that plaintiff "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Given his wholesale failure to respond, plaintiff has not identified a genuine issue of material fact supported by admissible evidence that counters the facts offered by defendants. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

VI. Conclusion

For the reasons explained above, defendants' motion for summary judgment, dkt. [26], is **granted**. This action is **dismissed without prejudice**. Final judgment shall issue accordingly.

**IT IS SO ORDERED.**

Date: 12/13/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TYLER FERRELL
212720
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Rebecca L. McClain
INDIANA ATTORNEY GENERAL
rebecca.mcclain@atg.in.gov